NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3260

MICHAEL R. WENSINK,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Michael R. Wensink, of Strongsville, Ohio, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-3260

MICHAEL R. WENSINK,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the
Merit Systems Protection Board in CH0752090112-I-1

_____

DECIDED: December 14, 2009

_____

Before MAYER, CLEVENGER and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Michael R. Wensink appeals the final decision of the Merit Systems Protection Board ("Board") affirming his removal from Federal service. <u>Wensink v. Dept. of the Treasury</u>, No. CH0752090112-I-1, 112 M.S.P.R. 68 (M.S.P.B. June 25, 2009). On appeal, Mr. Wensink argues that the Board failed to consider facts relevant to his removal. We agree. Therefore, we <u>vacate</u> and <u>remand</u> for further proceedings.

I

Mr. Wensink was a special agent in the Criminal Investigation Division of the Internal Revenue Service ("IRS") until removed from employment. Initially placed on Temporary Restricted Duty ("TRD") in January 2007, Mr. Wensink was removed in

October 2008 for engaging in conduct unbecoming a federal law enforcement officer and/or failing to follow managerial directions. The IRS removed Mr. Wensink for violating the conditions of his TRD status.

The relevant facts of the case are simple. Mr. Wensink was hired by the IRS in 1977. On January 11, 2007, Mr. Wensink received a memorandum confirming that he was being placed on TRD status "pending a review of your medical condition and an assessment of your ability to perform law enforcement duties." In addition to being relieved of his Government-issued weapon, Mr. Wensink was instructed not to participate in enforcement related duties. Provided examples include executing warrants, participating in high-risk surveillance, and making third-party contacts with increased potential for physical danger. On January 24, 2007, Mr. Wensink was provided another memorandum informing him that he would also be relieved of his Government-issued vehicle during the TRD status period.

On May 7, 2007, Mr. Wensink received another memorandum regarding his TRD status. It stated that "[a]fter exhibiting unusual behavior, you were placed on [TRD] on January 3, 2007, pending a review of your medial condition and an assessment of your ability to safely perform law enforcement duties . . . . On May 4, 2007, the decision was made to continue your temporary restricted duty status to ensure your medical condition is stable."

After receiving the May 2007 memorandum, Mr. Wensink continued working at the IRS on TRD without incident until mid-March 2008. At that time, Mr. Wensink was reprimanded for posting flyers, meeting with the Cleveland Police Department, and faxing documents to various city and state officials. Investigative reports prepared by

IRS agents concerning Mr. Wensink's March activities note concern by the agents for Mr. Wensink's mental condition. The IRS ultimately determined that Mr. Wensink violated the conditions of his TRD status and referred to these actions in its August 14, 2008 notice of proposed removal.

After Mr. Wensink was removed, he filed a timely appeal with the Board on October 18, 2008. Because Mr. Wensink did not request a hearing, the Administrative Judge ("AJ") instructed the parties that the record would close on January 23, 2009. The AJ also scheduled a close of record conference for January 7, 2009.

The AJ conducted the conference on January 8, and noted in her summary that "[t]he appellant is eligible for retirement and may seek retirement instead of pursuing this appeal." It appears from the AJ's summary that the parties were close to settlement and were working on the details of a settlement structure that would allow Mr. Wensink to keep his health insurance coverage. To facilitate settlement, the AJ set a second status conference for January 23, 2009, and moved the close of record date to February 13, 2009.

From the procedural posture of the case before us on appeal, it is clear that a settlement was not reached. Further, perhaps due to the likelihood of settlement, Mr. Wensink did not submit his statement and supporting evidence until February 18, five days after the deadline. The AJ rejected Mr. Wensink's submission as untimely.

On March 6, 2009, the AJ affirmed the agency's action removing Mr. Wensink from service. Wensink v. Dept. of the Treasury, No. CH0752090112-I-1 (M.S.P.B. March 6, 2009) ("Initial Decision"). Mr. Wensink subsequently petitioned the Board for

review of the AJ's decision. Mr. Wensink's petition was denied on June 25, 2009, and the appeal of the Board's decision now comes to this court.

II

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(9). Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Accordingly, we are bound by the Board's factual findings underpinning its determination "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

As the court has explained, an agency must establish three things to withstand challenge to an adverse action against an employee. Pope v. U.S. Postal Serv., 114 F.3d 1144, 1147 (Fed. Cir. 1997). First, it must prove, by a preponderance of the evidence, that the charged conduct occurred. 5 U.S.C. § 7701(c)(1)(B). Second, the agency must establish a nexus between that conduct and the efficiency of the service. 5 U.S.C. § 7513(a); Hayes v. Dep't of Navy, 727 F.2d 1535, 1539 (Fed. Cir. 1984). Third, it must demonstrate that the penalty imposed is reasonable. Pope, 114 F.3d at 1147 (citing Douglas v. Veterans Admin., 5 MSPB 313, 5 M.S.P.R. 280, 306-07 (1981)).

We agree with the AJ that it is undisputed that the charged conduct occurred. There is substantial evidence to support the Board's conclusion that the conduct was in

violation of Mr. Wensink's TRD status. The AJ also found that "[t]he agency cannot effectively complete its mission with Special Agents who do not conform to legitimate supervisory instruction and who act in a manner disparaging to the agency." Initial Decision at 11.

In assessing the agency's imposed penalty, the AJ addressed the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981). The AJ noted that the agency considered the nature of the misconduct, potential damage to the agency's reputation, Mr. Wensink's disciplinary record, and Mr. Wensink's 31 years of "fully successful or better service with the agency." Initial Decision at 11. Conspicuously absent, however, is consideration of the situation that led to Mr. Wensink's placement on TRD.

The record before us is filled with statements regarding the agency's concerns regarding Mr. Wensink's health and mental stability. Yet, the Board, and it appears the agency, failed to take that into consideration in determining the reasonableness of removing Mr. Wensink from Federal service for his conduct. As we have previously stated, "when mental impairment or illness is reasonably substantiated, and is shown to be related to the ground of removal, this must be taken into account when taking an adverse action against the employee." Malloy v. U.S. Postal Serv., 578 F.3d 1351, 1356 (Fed. Cir. 2009). The agency placed Mr. Wensink on TRD due to unusual behavior and he remained on TRD because the agency found him to be unstable. Mr. Wensink's removal was due to violations of his TRD status. There is no question that Mr. Wensink's medical condition is related to the ground of removal.

Mental impairment warrants consideration and is ordinarily entitled to weight as a mitigating factor. See Malloy, 578 F.3d at 1357; Roseman v. Dep't of Treasury, 76 M.S.P.R. 334, 345 (1997). The Board failed to address whether this mitigating factor should result in a penalty other than removal, which resulted in Mr. Wensink's loss of medical insurance coverage, when the appellant is eligible for retirement after 31 years of service. We do not suggest that Wensink should have been permitted to remain on active duty, but merely that the agency should have considered mandatory retirement or disability retirement in lieu of separation as alternatives before imposing the penalty of removal. See 5 C.F.R. § 831.1205. Accordingly, we vacate and remand for consideration of the evidence regarding Mr. Wensink's mental condition and stability, and reapplication of the Douglas factors in light of this evidence.