**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT K. GOOCH, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0080-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: February 25, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark L. Cohen, Esquire, Chicago, Illinois, for the appellant.

David M. Burns, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which upheld the agency's decision to remove him from federal service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the analysis in the initial decision of whether the agency proved its charges and established nexus between the charges and the efficiency of the service, we AFFIRM the initial decision.

## BACKGROUND

¶2      The agency removed the appellant from his position as a Criminal Investigator, GS-1811-13, with the Federal Protective Service based on charges of battery and lack of candor. Initial Appeal File (IAF), Tab 4 at 12-14. The appellant filed a timely appeal with the Board challenging his removal. IAF, Tab 1. The appellant stipulated to "the truth of" the charges but contended that the penalty of removal was too severe. IAF, Tab 15 at 5, Tab 17 at 4. The appellant raised his diagnosis of Post Traumatic Stress Disorder (PTSD) as a relevant mitigating factor in the penalty determination for the first time during the appeal process. IAF, Tab 19, Initial Decision (ID) at 4. After holding a hearing, the administrative judge issued an initial decision sustaining the charges based on the appellant's stipulations and concluding that removal was a reasonable and appropriate penalty even if the appellant's PTSD were considered a mitigating factor. ID at 2, 4.

¶3  The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## ANALYSIS

¶4  The appellant has raised a single issue on review: whether the administrative judge erred in determining the weight to be given the appellant's diagnosis with PTSD as a mitigating factor in upholding the agency's penalty determination. PFR File, Tab 1 at 4. However, we modify the initial decision to further analyze whether the agency met its burden of proving the charges and establishing a nexus between the charges and the efficiency of the service. Stipulating to the facts underlying a charge is not a concession to the charge itself where the charge requires a legal analysis. *Wrocklage v. Department of Homeland Security*, 769 F.3d 1363, 1367 (Fed. Cir. 2014). Thus, to the extent the appellant stipulated to the facts underlying the battery and lack of candor charges, any such stipulations do not satisfy the legal analysis necessary to prove these charges. Because the record has been fully developed with respect to the charges and nexus, we may decide these issues based on the existing record.

The agency proved its battery charge by preponderant evidence and established a nexus between the charge and the efficiency of the service.

¶5  The incident underlying the battery charge occurred in Florida. IAF, Tab 4 at 41-43. The Florida criminal code states that "[t]he offense of battery occurs when a person: (1) Actually and intentionally touches or strikes another person against the will of the other; or (2) Intentionally causes bodily harm to another person." *Id*. at 49. The agency relied on two specifications to support the battery charge: (1) that the appellant struck his wife without justification; and (2) that the appellant grabbed his wife and ripped her jeans without justification. *Id.* at 21. The record contains the appellant's wife's contemporaneous statement to the officers who responded to her 911 call, *id*. at 59, pictures of the appellant's wife and her damaged cell phone, *id*. at 61-67, statements by the

officers who responded to her 911 call, *id*. at 41-45, and an affidavit from the appellant stating that he did not recall hitting his wife, but also did not remember anything that occurred during the time period his wife states the battery took place, *id*. at 80-82.

¶6    Before the Board the appellant did not contest the battery charge. IAF, Tab 15 at 5. However, in response to the notice of proposed removal the appellant denied that the battery took place stating, "I never hit my wife in any way that was stated in the reports." IAF, Tab 4 at 19. But he has also admitted that he has little memory of what occurred during the relevant time period. *Id*. at 81-83, 86-87. The appellant's memory appears to have been impaired by the amount of alcohol he consumed immediately preceding the incident. *Id*. at 87. We find that the record evidence supports the appellant's wife's description of having been punched, backhanded, grabbed, and having her pants ripped, and that, along with the observations of the officers who responded to her 911 call, support finding that the agency met its burden of proving the charge of battery. *Id.* at 41-45, 59.

¶7    Regarding nexus between the battery charge and the efficiency of the service, we note this conduct occurred off-duty. An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or co-workers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 10 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). Nexus may be proved by showing that an employee engaged in off-duty misconduct that is inconsistent with the agency's mission and undermines confidence in the employee. *Brown v. Department of the Navy*, 229 F.3d 1356, 1361 (Fed. Cir. 2000). A deciding official's declaration that

persuasively explains why he lost confidence and trust in an employee's job performance may satisfy the nexus requirement. *See Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 9 (2010). The decision to remove the appellant states that his supervisors lost confidence in his ability to continue to function in his "trusted" position as a Criminal Investigator (Senior Special Agent) and that the appellant's acts of violence against his spouse are against the protective mission of the agency. IAF, Tab 4 at 13. The decision also states that the appellant's position requires that he act as a liaison with other law enforcement agencies. *Id*. Because local law enforcement was involved in the appellant's off-duty misconduct, the misconduct could adversely affect the agency's reputation with local law enforcement. *See id.* We find these circumstances along with the testimony of the deciding official referenced in the initial decision, ID at 3, to be sufficient to meet the agency's burden of establishing a nexus between the appellant's off-duty misconduct and the efficiency of the service.

<u>The agency proved its lack of candor charge by preponderant evidence and established a nexus between the charge and the efficiency of the service.</u>

¶8      Lack of candor is a more flexible charge than falsification and does not require proof of intent to deceive. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284-85 (Fed. Cir. 2002). Failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete can constitute a lack of candor. *Id*. The agency supported the lack of candor charge with six specifications of the appellant failing to disclose his history of alcohol use when asked during an investigation, on employment forms, and during a fitness for duty examination. IAF, Tab 4 at 21-22. The appellant admitted that he failed to disclose responsive information, but contends that his failures were the result of forgetting and not intending to

deceive.[2]  *Id.* at 18-19.  Even if, as the appellant stated, he had no intent to deceive, proof of deception is not necessary to sustain a lack of candor charge.  *Ludlum*, 278 F.3d at 1284-85 ("Although lack of candor necessarily involves an element of deception, 'intent to deceive' is not a separate element of that offense—as it is for 'falsification.'").  Therefore we find that the agency proved the charge of lack of candor.  We also find that there is a nexus between the lack of candor charge, which is based on the appellant's repeated failure to disclose responsive information to his employer, and the efficiency of the service.  A lack of candor strikes at the heart of the employer-employee relationship and directly impacts the efficiency of the service.  *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

Removal is a reasonable penalty for the sustained charges.

¶9 The appellant's PTSD was not considered by the agency in determining the appropriate penalty because he raised it for the first time during the adjudication of his appeal.  ID at 4.  The appellant testified at length during the hearing about his PTSD and its effects on his behavior, including his belief that it played a role in his misconduct.  Hearing Compact Disc (testimony of Robert Gooch).  The administrative judge found that, even if the appellant's PTSD were found to be a mitigating factor, it would not outweigh the aggravating factors supporting the penalty determination.  ID at 4.

¶10 On review the appellant appears to argue, based on our reviewing court's nonprecedential decision in *Wensink v. Department of the Treasury*, 356 F. App'x 397 (Fed. Cir. 2009), that the appeal should be remanded for the administrative judge to make a finding as to whether the appellant's PTSD is mitigating and to reweigh the *Douglas* factors accordingly.  PFR File, Tab 1 at 6-

---

[2] The appellant also claimed that specification 3 misstated the question on the Standard Form 86.  IAF, Tab 4 at 19.  We have reviewed the record and confirm specification 3 accurately states the question asked on the Standard Form 86.  *Compare id.* at 22, *and id.* at 138.

7.  The Board, though, is not bound to follow such a nonprecedential decision, and, in any event, we find *Wensink* to be distinguishable.  The U.S. Court of Appeals for the Federal Circuit found that consideration of the appellant's medical condition was "conspicuously absent" from the Board's decision in *Wensink*.  *Wensink*, 356 F. App'x at 399.  Unlike in *Wensink*, however, the administrative judge in this appeal did consider the appellant's PTSD as a potential mitigating factor and reached a well-reasoned conclusion that it would not outweigh the aggravating factors in the penalty determination.  ID at 4.

¶11     When the Board sustains all of the agency's charges, the Board may mitigate the agency's original penalty to the maximum reasonable penalty when it finds the agency's original penalty too severe.  *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 8 (2014).  Evidence that an employee's medical condition or mental impairment played a part in the charged misconduct is ordinarily entitled to considerable weight as a mitigating factor.  *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 15 (2010).  But the Board will not consider a medical or mental impairment to be a significant mitigating factor in the absence of evidence that the impairment can be remedied or controlled, i.e., when the potential for rehabilitation is poor.  *Id*.  Here the record does not contain such evidence.[3]  In fact, the appellant testified that though he is fully compliant with his treatment plan he cannot continue working as a criminal investigator because of his PTSD.  Hearing Compact Disc

---

[3] In support of his petition for review, the appellant submitted a May 21, 2014 letter concerning his PTSD diagnosis and treatment.  PFR File, Tab 1 at 9.  Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  This letter predates the hearing, but was not entered into the record.  Because the appellant has not shown that the letter, or the information it contains, was unavailable before the record closed, the Board will not consider this new evidence on review.  *See* 5 C.F.R. § 1201.115(d).  Even if we were to consider this new evidence, it is not material because, although it establishes the appellant's diagnosis and treatment, it does not show the extent to which his condition has been remedied or controlled.

(testimony of Robert Gooch at 1:58:00-2:02:02). Accordingly, the administrative judge properly found that, even considering the appellant's PTSD as a mitigating factor, the penalty of removal was reasonable and appropriate given the weight of aggravating factors, such as the effect of his misconduct on his ability to perform the duties of his position. ID at 4.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.